VETTE & HOFFMAN, Appellant, v. ELMER E. EVANS, Respondent.

Kansas City Court of Appeals, April 3, 1905.

1. **PLEADING: Reply: Denial.** A reply set out in the opinion is construed to put in issue all the defenses set up in the answer except those specifically admitted to be true.

2. **INSURANCE: Application: Policy: Evidence.** Where an application does not appear in evidence it can not be said whether the policy complies with its requirements, and verbal testimony is inadmissible to vary the terms of the policy.

3. ———: ———: ———: ———. Nor can parol evidence be admissible on the ground that the representations as to the kind of policy were fraudulent, as the defendant could read the application, and failing to do so, is bound by its terms whether they conflict with the representations or not.

4. **APPELLATE PRACTICE:** Matter of Review. Only matters that appear upon the record proper or in the bill of exceptions can be reviewed on appeal.

5. **INSURANCE:** Transfer of Insurer's Interests: Premium Note: Consideration. Where the insurer's assets are transferred to another company the insured is justified in terminating his contract, but he still owes so much of his premium note as will pay for the time he has been insured.

6. **APPELLATE PRACTICE:** Evidence in the Record. Though the trial court may have acted on the theory supported by matters outside the record as presented in the appellate court, the latter court, not being in similar position, must try the matter on the record and reverse the cause.

7. **PLEADING:** Inconsistent Pleas: Non Est Factum: Fraud. *Non est factum* and fraud are inconsistent defenses.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

REVERSED AND REMANDED.

*Dan. V. Herider* for appellants.

(1) Failure of considerdation, because of failure to live up to the terms of contract can not be set up as a bar to an action on notes given for the premium on a policy of insurance, unless the insured offers to rescind the contract by returning the policy and demanding his notes. Life Ass'n v. Cravens, 60 Mo. 388.

(2) Defendant having received the policy or contract and there being no allegation or evidence of an offer to rescind or return the contract or policy and no evidence that said policy was wholly worthless, the plea of failure of consideration can avail him, if at all, only to the extent of the difference between the value of the contract as represented and its value as really shown to be. Brown v. Weldon, 99 Mo. 568.

(3) Defendant having entered into this contract April 21st, 1903, and having received and retained the policy, is, under any view of this case, liable for the premium from April 21st, 1903, to August 22nd, 1903, the date of the alleged merger or transfer.

*R. B. Ruff* for respondent.

(1) The court properly gave a premptory instruction to the jury at the close of the plaintiff's evidence to find for the defendant for the following reasons, among others, to-wit:

(2) The policy did not contain the terms agreed upon by appellants and respondent and immediately upon the arrival of the policy at Slater respondent refused same. Ins. Co. v. Neiberger, 74 Mo. 167; McHoney v. Ins. Co., 52 Mo. App. 94.

(3) In the most recent case in this State it is expressly held that a denial "denies each and every allegation in said petition not hereinafter specifically admitted amounts to nothing, it is neither the special or general denial called for by the statute." Dezell v. Casualty Co., 176 Mo. 253; Young v. Schofield, 132 Mo. 650, l. c. 671; Holsworth v. Shannon, 113 Mo. 508; Ins. Co. v. Smith, 117 Mo. 261, l. c. 293; Halsa v. Halsa, 8 Mo. 303; Snyder v. Free, 114 Mo. 360, l. c. 367; 2 Pomeroy Eq. Jur. (2 Ed.), sec. 762.

(4) When companies legally authorized to amalgamate, the holders of the policies in the amalgamated company are not bound to accept in lieu of the liability of that company the responsibility of the amalgamating company. An acceptance by a policy holder of the substituted responsibility to be binding upon him must be with a full knowledge of the facts. No acceptance is pleaded or proven. Eng. & Am. Enc. of Law (2 Ed.),

page 882-3-4; In re Society Arbitration Act and Wellington; Reversionary Annuity and Life Assn., sec. 1, ch. D. 334; 1 Joyce on Insurance, sec. 117, pp. 175-6 and authorities cited; Herckenrath v. Ins. Co., 3 Barb. Ch. (N. Y.) 63.

(5) No proof was offered by appellants as to the value of the policy of appellants at the time. Eng. and Am. Encyc. of Law (2 Ed.), page 192-193; Tiedeman on Commercial Paper, sec. 201, p. 332.

(6) The appellants were privy to the contract, made same, had full knowledge of every illegality, misrepresentation and of every element of fraud that entered into the transaction.

BROADDUS, P. J.—The plaintiffs instituted this suit upon the following writing:

"Slater, Mo. April 21, 1903. For value received I promise to pay to the order of Vette & Hoffman one hundred and twenty dollars, with interest thereon at the rate of eight per cent per annum from maturity. Said principal sum to be paid in four installments of $30 each, payments to be made on the 16th day of June, 1903, and the 16th days of September, December and March, 1904, until fully paid. Negotiable and payable without defalcation or discount at the office of———.

"A failure to pay any of the said interest or principal within thirty day after the same becomes due shall cause the whole of this note to become due and collectable at the option of the payee, endorser or owner.

" ELMER E. EVANS."

The first payment became due June 16th, 1903. Defendant having failed and refused to pay said first payment, plaintiff began his suit. Defendant answered denying the execution of the note. He also generally denies all the allegations of the petition and further sets

out other defences, among which it is alleged: that plaintiffs at the time of the execution of said note were the agents, with W. E. Apt and Crawford Wheeler, for the Northwestern Life and Savings company of DesMoines, Iowa, at which time the said agents conceived the fraudulent design of inducing defendant to make a certain contract with said insurance company. It is alleged in the answer that the consideration for the note in part was an agreement made between himself and the plaintiffs and certain other agents of the Northwestern Life and Savings company of DesMoines, Iowa, for a contract for an investment and life policy to be issued to him by said company. The answer then consists of a plea of *non est factum* to the note in the first place; secondly it sets out at great length, but somewhat indefinitely, that the plaintiffs and W. E. Apt and one Wheeler, another agent of the company, fraudulently represented that he would be furnished with a certain kind of contract of insurance upon the payment of $120 annual premiums in quarterly installments on the 16th days of June, September, December and March; and that the policy to be issued would contain stipulations that defendant would be entitled to the fixed sum of $1800, as an investment, and $1200, as a life policy on the termination of the contract. The answer does not state in what respects the policy issued differed from said representations, but that the policy furnished defendant provided for different terms and conditions from those represented—and alleges that thereby there was a total failure of consideration for the note. Another and separate defense is, that on the 22nd day of August, 1903, the said company sold, transferred and assigned all of its assets and business to the Northwestern National Life Insurance Company of Minneapolis, Minnessota, and that thereby defendant's policy became null and void. That such sale and transfer was not by the consent of the defendant, nor since ratified by him; and thereby the consideration of the note has wholly failed.

To the answer plaintiffs for reply "deny each and every allegation of new matter in said answer contained not herein specifically admitted to be true." And for further reply, "admit that during the month of April, 1903, defendant was a resident of Slater, Missouri, and W. E. Apt and Crawford Wheeler were engaged at that time as agents of the Northwestern Life and Savings company, of DesMoines, Iowa, and that defendant was solicited by said Apt and Wheeler to make investments" with said company.

The application and policy of insurance were not offered in evidence. The defendant introduced no witness, and all the evidence to sustain his answer was drawn out during his cross-examination of plaintiffs and their witnesses. There was some verbal evidence of what the contract contained in part, to which no objection was made. W. E. Apt, the party referred to in the proceedings as agent of said company, stated that the plaintiffs represented to defendant that the company would issue to him a contract for an investment policy and an incidental life policy, the premiums to be one hundred and twenty dollars, payable quarterly on the 16th day of June, September and October of each year until the maturity of such policy. He was then asked if the policy exhibited to him was the contract between the company and defendant. He answered that it was. He was then questioned as follows: "Now in this policy, this policy provides that four installments be made on or before the first day of January, April, July and October?" To which he answered: "Yes, sir."

There is nothing before the court to show what the application contained in that respect, if anything. The answer alleges that the application was assigned by defendant in blank. But the reply denies that such was the case. Defendant, however, contends that what purports to be a denial was no denial at all under the rule announced in Dezell v. Fidelity & Casualty Co., 176 Mo.

l. c. 279.   We do not think that case is authority for defendant's contention as to the legal effect of the replication here.   In the case referred to, after using similar language as is used in the one here, the reply proceeds to set up other matters, not by way of admissions but by way of defense.   But this reply, after denying "each and every allegation of new matter in said answer not herein specifically admitted to be true," proceeds to make specific admissions of certain allegations in said answer.   The reply is in compliance with the statute and puts in issue all the defense set up in the answer, except those specifically admitted to be true.

Plaintiff's witnesses testified that the application was filled out; and in the absence of its production, which devolved upon the defendant, it is impossible to say what it contained with reference to the amount of premiums and the time fixed for their payments.   Its recitations for aught we know, have been strictly followed by those in the policy.   It does not fall within the rule that, "When the application does not attempt to set forth all the provisions which the policy to be issued must contain, and the agent with or without authority represents that the policy will contain certain stipulations which are not lawful, then the policy must contain them or the insured will not be bound to accept it."   Ins. Co. v. Neiberger, 74 Mo. 167; McHoney v. Ins. Co., 52 Mo. App. 94.   It may be that the application did set forth all the provisions which the policy was to contain, in which case verbal testimony was inadmissible to vary its terms.   See the two cases last cited.

And it was not competent to admit such evidence on the ground that the representations of plaintiffs as to the kind of policy defendant was to have were fraudulent, as the defendant could read the application, but failed to do so.   And he is bound by its terms whether they be in conflict with said representations or otherwise.   Johnston v. Life Ins. Co., 93 Mo. App. 580.   And

there is no evidence that defendant refused to accept the policy. Wheeler, the only witness who testified on that point, stated that defendant brought the policy to him and that his objection to it was that he was not in a condition to meet the payment of the note in suit and wanted to get rid of the policy. He made no objection to it on account of its provisions.

The plaintiffs before reply, moved to strike out certain parts of defendant's answer. It does not appear that the motion was disposed of in any way. The plaintiffs have no cause to complain on that ground. It is only matters that appear upon the record proper, or as shown in the bill of exceptions, that can be reviewed by this court.

It was elicited by cross-examination of one of plaintiff's witnesses that since the issuance of the policy, to-wit: on the 22nd day of August, 1903, the said Northwestern Life and Savings Company had sold and transferred all its interests, including the policy in suit, to the Northwestern Life Insurance Company of Minneapolis, in the State of Minnesota. Under such circumstances the defendant would have been justified in terminating his contract. Joyce on Insurance, vol. 2, sec. 1644; Lovell v. Ins. Co., 111 U. S. 261. But such transfer did not take effect until some months after the policy was issued in this instance, and therefore would not operate so as to constitute an entire failure of consideration. If defendant accepted the policy—and, in the absence of proof to the contrary, it being admitted that he received it, it must be presumed that he did—he was not entitled to an entire discharge from payment of the note. It is true, the assurer transferred all its assets to another insurance company and when this was done defendant was no longer bound by the contract, under which circumstances he would be entitled to a discharge as to the note, less the value of his insurance from the date of the policy to the date of transfer by the assurer to another company. Lovell v. Ins. Co., supra. Under

the authority of the case last cited, "the defendant was under no obligation to continue his insurance in the new company. He had nothing to do with that company—it was a stanger to him." The court said: "When one party to an executory contract prevents the performance of it, or puts it out of his power to perform it, the other party may regard it as terminated and demand whatever damage he has sustained thereby." Citing United States v. Behan, 110 U. S. 339.

Plaintiff's witnesses testified that they made no repsentations to the effect that the policy to be issued would provide for defendant's benefit upon its expiration of an investment fund for the fixed amount of $1800, but that is was only represented that the amount would be about $1800, more or less. Upon this issue the defendant failed to sustain the allegations of his answer.

There is nothing in the briefs or statements of the respective counsel to indicate upon what theory the court sustained a demurrer to plaintiff's evidence and instructed the jury to find a verdict for the defendant. Perhaps the court ascertained from the application and policy which were produced, but not read, at the trial, a sufficient cause for its action; but as we are not in a similar position, we are forced to reverse the cause.

As the case may be tried again, it is perhaps not out of place to suggest to defendant that his plea of *non est factum* and that the note was obtained by fraud are inconsistent defenses, and that the entire answer should be rewritten and the facts be stated in a more concise and definite manner.

Reversed and remanded.    All concur.